IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael P. Swiergosz,                           Case No. 3:15CV00680

          Petitioner,

     v.                                           **ORDER**

John Coleman,

          Respondent.

This is a state prisoner habeas corpus proceeding under 28 U.S.C. § 2254. Pending is the petitioner's objections (Doc. 8) to a Magistrate Judge's Report & Recommendation (R&R) that the petition be denied. (Doc. 7).

For the reasons that follow, on *de novo* review, I find the R&R well taken in all respects. Accordingly, I adopt the R&R as this court's order, dismiss the petition with prejudice, and deny a certificate of appealability.

A Lucas County, Ohio, Common Pleas Court jury convicted the petitioner of multiple crimes arising out of a violent assault and rape of his wife at her workplace in Ottawa Hills, Ohio. Petitioner's direct appeal and other state court challenges to, *inter alia*, the trial court's failure to merge some of the offenses per Ohio law were unsuccessful. Petitioner has exhausted his state court remedies, and the respondent does not contend that any procedural default bars this court's consideration of the merits of his petition.

The petition raises one claim: namely, that the state court judge's failure to merge offenses involved fact-finding that under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S.

466 (2004), the jury should have undertaken.

The Magistrate Judge, in a thorough and well-reasoned R&R, disagreed. As do I. I do so on the basis of the Magistrate Judge's statement, which I adopt *in toto*:

> [Petitioner's] argument that the trial court's merger determination violated his right to due process pursuant to the rule announced in *Apprendi* is misplaced. First, the Ohio trial court did not make a finding of fact that increased the penalty beyond the statutory sentence for the crimes [petitioner] was convicted of. That the trial court did not *reduce* [petitioner's] sentence after it applied the law to the facts determined by the jury does not equate to the trial court *increasing* his sentence beyond or within the statutory range after a finding on additional facts, as was the case in *Apprendi*.
> . . .

(Doc. 7, at 15).

Moreover, as the Magistrate Judge correctly noted, petitioner fails to cite an applicable Supreme Court opinion that, under 28 U.S.C. § 2254(d)(1), the state courts applied unreasonably or in contravention of federal law as pronounced by the Supreme Court. Nor, as the R&R correctly notes, has petitioner shown that the state courts' decisions reflect an unreasonable determination of the facts in light of the evidence. Petitioner thus fails to meet the requirements of 28 U.S.C. § 2254(d)(2).

There is no merit to the petitioner's objections to the Magistrate Judge's R&R.

It is, accordingly, hereby,

ORDERED THAT:

1. The Report and Recommendation (Doc. 7) be, and the same hereby is, adopted as the order of this court; and

2. The petition for a writ of habeas corpus be, and the same hereby is, denied with prejudice.

I decline to issue a certificate of appealability, as jurists of reason could not disagree with the Magistrate Judge's reasons and result or this court's adoption of the Report and Recommendation and

decision to dismiss the petition with prejudice.

    So ordered.

                                                     /s/ James G. Carr
                                                     Sr. U.S. District Judge